

LONG ISLAND OFFICE (Main Location)
425 Broadhollow Road, Suite 416, Melville, NY 11747
Tel: 631.282.8985 | Fax: 631.390.6944

MANHATTAN OFFICE
420 Lexington Avenue, Suite 300, New York, NY 10170
Tel: 212.209.1005 | Fax: 212.208.4425

www.fhnylaw.com

Jonathan H. Freiberger
Jeffrey M. Haber

(Writer's Direct Dial: 631.282.8984)

May 23, 2024

**BY: ECF**

Honorable Jennifer L. Rochon
United States District Court,
Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Re: *Langhamer v. Johnson, et al.*, Case No. 22-cv-05404-JLR

Dear Judge Rochon:

I represent plaintiffs in the referenced action (the "Action"). I submit this letter pursuant to Section 2.E. of Your Honor's Individual Rules of Practice in Civil Cases and in response to the May 22, 2024, letter request by defendants' counsel for a discovery conference (the "May 22 Letter"). Dkt. No. 95.

Plaintiffs have no objection to Defendants' request for a conference with Your Honor to address the issue of confidential information governed by the protective order that the Court signed on February 15, 2024 (the "Protective Order"). Dkt. No. 88. However, Plaintiffs object to any adjournment of the return date of the subpoena for the production of documents that was served on Marcum LLP (as successor to RotenbergMeril CPAs) (the "Subpoena").

On or about March 29, 2024, Plaintiffs served the Subpoena and a copy of the Protective Order on Marcum. The Subpoena required production on April 19, 2024. Marcum requested an extension to May 30, 2024, to respond, and produce documents responsive, to the Subpoena due to the pendency of the tax season and the number of documents requested by plaintiffs. Plaintiffs agreed to the requested extension.

On April 4, 2023, Defendants advised Marcum that they did not consent to the production of documents that include the personal information of AGF II's investors and vendors, among

Hon. Jennifer L. Rochon
May 23, 2024
Page 2

others, and requested that Marcum "first provide the documents to our office *for our review and redaction* of confidential information" (the "April 4 Letter").[1] Emphasis added.

On April 8, 2024, Plaintiffs objected to the pre-emptive review and advised Marcum that Your Honor had signed the Protective Order, thereby protecting investor and borrower confidential information.[2] Thus, any documents responsive to the Subpoena containing confidential information would be covered by the Protective Order. Defendants have never explained, and do not explain in the May 22 Letter, why the Protective Order does not protect the confidential information they seek to shield from discovery.

The categories of documents that Defendants seek to shield from discovery – investor K-1s and subscription agreements – are relevant to the claims and defenses asserted in the litigation. The K-1s are part of the underlying documents reviewed and used by RotenbergMeril to conduct its audit of AGF II's financial statements. RotenbergMeril's audit opinion is referenced in plaintiff's amended complaint in several paragraphs. *See* Dkt. No. 59 at ¶¶ 108, 119-121, 124, 173-174.

Moreover, the K-1s relate to the alleged false and misleading information in the account statements that Defendants sent to AGF II members, including Plaintiffs – allegations that this Court previously sustained. Dkt. No. 78. For example, the K-1s (which show year-end account balances, distributions and withdrawals) would support RotenbergMeril's analysis of whether AGF II had sufficient funds to honor redemption requests and the payment of distributions (or was in effect a Ponzi scheme). *See* Dkt. No. 59 at ¶ 120. Plaintiffs are entitled to the documents and information supporting RotenbergMeril's analysis and opinion.

While Plaintiffs believe that the subscription agreements are relevant to the claims and defenses asserted in the action, as they were part of the allegedly false and misleading materials given to Plaintiffs and investors in connection with their investment in AGF II, they have advised Defendants' counsel this morning that they will not require production of those agreements, subject to a reservation of rights.

In sum, Plaintiffs believe the documents at issue (*e.g.*, the K-1s) should be produced as they are protected by the terms of the Protective Order. While Plaintiffs have no objection to Defendants' request for a conference with Your Honor, Plaintiffs do not agree to adjourn the return date for Marcum to produce the documents responsive to the Subpoena. The documents at issue (*e.g.*, the K-1s) can be withheld by Marcum pending the outcome of the conference, while the balance of the production can take place on May 30, 2024.

---

[1] Defendants' current position concerning the redaction of confidential information is inconsistent with their statement in the April 4 Letter.

[2] The Protective Order addresses Defendants' stated concern in the May 22 Letter that, to their knowledge, investors "do not have any notice that their personal and financial information" will be produced by Marcum pursuant to the Subpoena. *See* Protective Order at ¶ 10 (Dkt. No. 88). Neither Marcum nor any investor has sought a protective order or other relief from the Court. *Id.*

Hon. Jennifer L. Rochon
May 23, 2024
Page 3

   Finally, an adjournment of the return date for Marcum to comply with the Subpoena will delay the discovery in the Action. For this reason alone, the return date for the entire production (less the documents at issue) should not be adjourned.

        Respectfully,

        /s/ *Jeffrey M. Haber*

        Jeffrey M. Haber

The request for a discovery conference is GRANTED.  The parties shall appear for a video conference, via Microsoft Teams, on **May 31, 2024 at 12:00 p.m.**  Counsel will receive login credentials at the email addresses on the docket.  The public listen-only line may be accessed by dialing Toll-Free Number: 877-336-1831 | Access Code: 5583342.

Defendants object only to Marcum's production of subscription agreements, K-1s, and spreadsheets based on those documents.  ECF No. 95.  Plaintiffs no longer seek production of the subscription agreements.  ECF No. 96.  Therefore, by May 30, 2024, Marcum shall produce all documents responsive to the subpoena, except the K-1s and related spreadsheets, which Marcum may temporarily withhold pending further instruction from the Court.

Dated: May 23, 2024      **SO ORDERED.**
   New York, New York

        *Jennifer Rochon*
        **JENNIFER L. ROCHON**
        **United States District Judge**

cc:  Mark Astarita, Esq. (by email and ECF)
   Marcum LLC (by email)